```
                                    FILED
                                  OCT - 2 2007
                           CLERK, U.S. DISTRICT COURT
                         SOUTHERN DISTRICT OF CALIFORNIA
                         BY              DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GUADALUPE REYES-MARTINEZ,<br><br>    Defendants. | Case No. 07CR2301W<br>Mag. No. 07MJ1951<br><br>DEPOSITION ORDER FOR MATERIAL WITNESSES<br><br>JOSE LUIS HERNANDEZ-HERNANDEZ, T/N MIGUEL HERNANDEZ-HERNANDEZ |

Upon request of material witness(es)(hereinafter "material witness(es)" or "the witness(es)", JOSE LUIS HERNANDEZ-HERNANDEZ, T/N MIGUEL HERNANDEZ-HERNANDEZ and his counsel JONATHAN DAVID FRANK, and good cause appearing:

    1. The material witness being held in custody in case number 07CR2301W shall be deposed on *Oct 22, 07* at *10:30* a.m./~~p.m.~~ The deposition will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California.

    2. All parties, meaning the United States and the defendant(s) shall attend the material witness deposition. The

1 arresting agency shall bring the material witness to the
2 deposition. If, in custody, the defendant shall be brought
3 separately to the deposition and a marshal shall remain present
4 during the proceeding.
5      3.   The United States Attorney's Office shall provide a
6 videotape operator ("operator") and, if necessary, arrange for a
7 court-certified interpreter to be present for the material
8 witness(es). The cost of the interpreter for the material
9 witness(es) shall be borne by the United States Attorney's Office.
10     4.   If the defendant(s) needs an interpreter other than the
11 interpreter for the material witness(es) (if any), then defense
12 counsel shall arrange for a court-certified interpreter to be
13 present. The costs of a separate interpreter for the defendant(s)
14 shall be paid by the Court.
15     5.   The United States Attorney's Office shall arrange for a
16 certified court reporter to be present. The court reporter shall
17 stenographically record the testimony, serve as a notary and
18 preside at the depositions in accordance with Rule 28(a) of the
19 Federal Rules of Civil Procedure. The cost of the court reporter
20 shall be borne by the United States Attorney's Office.
21     6.   The deposition shall be recorded by videotape, meaning a
22 magnetic tape that records sound as well as visual images. At the
23 conclusion of the deposition, on the record, the witness(es) or a
24 party may elect to have the witness(es) review the videotape record
25 of the deposition to check for errors or omissions and to note any
26 changes. Any errors, omissions or changes, and the reasons for
27 making them, shall be stated in writing, signed by the witness(es),
28 delivered to the notary in a sealed envelope and filed in the same

fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness(es) and assures clear reproduction of both the witness(es)' testimony and the statements of counsel. The witness(es), or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objections.

8. The deposition shall be recorded in a fair, impartial and objective manner. The videotape equipment shall be focused on the witness(es); however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits or like material being shown to the witness(es).

9. Before examination of the witness(es) begins, the Assistant U. S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness(es); the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness(es) on the record. Prior to any counsel beginning an examination of the witness(es), that counsel shall

1  identify himself/herself and his/her respective client on the
2  record.

3      10.  Once the deposition begins, the operator shall not stop
4  the videotape recorder until the deposition concludes, except that,
5  any party or the witness(es) may request a brief recess, which
6  request will be honored unless a party objects and specifies a good
7  faith basis for the objection on the record.  Each time the
8  recording is stopped, the operator shall state on the record the
9  time the recording stopped and the time it resumed.  If the
10 deposition requires the use of more than one tape, the operator
11 shall sequentially identify on the record the end and the beginning
12 of each tape.

13     11.  All objections both as to form and substance shall be
14 recorded as if the objection had been overruled.  The Court shall
15 rule on objections at the appropriate time.  The party raising the
16 objection(s) shall prepare a transcript for the Court to consider.
17 All objections shall be deemed waived unless made during the
18 deposition.

19     12.  The party offering the deposition into evidence at trial
20 shall provide the Court with a transcript of the portions so
21 offered.

22     13.  Copies of all exhibits utilized during the videotaped
23 deposition shall be attached to the videotape record.

24     14.  At the conclusion of the deposition, any objection,
25 including the basis, to release of the material witness(es) from
26 custody shall be stated on the record.  If there is no objection,
27 the attorney for the material witness(es) shall immediately serve
28 all parties with a "Stipulation and Proposed Order for Release of

1  the Material Witness(es) and submit the Order to the Clerk of the
2  Court for the Judge's signature.  Prior to release from custody the
3  attorney for the Government shall serve the material witness(es)
4  with a subpoena for the trial date and a travel fund advance
5  letter.

6     15.  The operator shall provide a copy of the videotaped
7  deposition to any party who requests a copy at that party's
8  expense.  After preparing the requested copies, if any, the
9  operator shall deliver the original videotape to the notary along
10 with a certificate signed by the operator attesting that the
11 videotape is an accurate and complete record of the videotaped
12 deposition.  The operator shall then deliver the videotape to the
13 notary along with a certificate signed by the operator attesting
14 that it is an accurate and complete recording of the deposition.
15 The notary shall file the original tape and certification with the
16 Clerk of Court in a sealed envelope marked with the caption of the
17 case, the name of the witness(es) and the date of the deposition.

18    16.  The notary shall file with the Clerk of Court in a sealed
19 envelope the original videotape, along with any exhibits offered
20 during the deposition.  The sealed envelope shall be marked with
21 the caption of the case, the name of the witness(es), and the date
22 of the deposition.  To that envelope, the notary shall attach the
23 certificate of the operator.  If all counsel stipulate on the
24 record, the Government may maintain the original videotape until
25 production is ordered by the Court or requested by any party.

26    17.  Unless waived by the parties, the notary shall give
27 notice to all parties of the filing of the videotaped deposition
28 with the Court pursuant to Federal Rule of Civil Procedure

30(f)(3).

18. If any party objects on the record to the release of the material witness(es) from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers. The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material witness(es), the material witness(es) attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witness(es) from custody, the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

**IT IS SO ORDERED.**

Dated: 10/2/07

UNITED STATES MAGISTRATE JUDGE/JUDGE